THOMPSON, APPELLEE, *v.*
STEIN ET AL., APPELLANTS.
STEIN, APPELLANT, *v.*
THOMPSON ET AL., APPELLEES.

(Nos. C-800327 and C-800370—Decided
July 1, 1981.)

Mr. *Albert Wettstein,* for appellee
Thompson.

Mr. *H. Fred Hoefle,* for appellant
Stein.

Mr. *Charles F. Doan,* for appellee
Citizen's State Bank.

*Per Curiam.* These consolidated
causes came on to be heard upon the ap-
peals from the Court of Common Pleas of
Hamilton County.

The instant appeals derive from the
judgments entered in the court of com-
mon pleas following the trial of two
causes of action growing out of the death
of June Hill Thompson. The decedent died
intestate on June 5, 1974, as a result of in-
juries sustained in an automobile acci-
dent. An application to administer her
estate was thereafter filed by appellant,
Carolyn Stein, who was appointed ad-
ministratrix by order of the probate court
over the objection of appellee Charles
Thompson. Thompson had married the
decedent in a civil ceremony performed in
Detroit, Michigan, on September 3, 1958,
and claimed to be her lawful husband.

On December 3, 1976, the probate
court issued an order declaring appellant
and her natural father, Lawrence
Lawson, to be the only lawful heirs of
June Hill Thompson. Lawson was deter-
mined to be an heir upon the court's find-
ing that he, and not Charles Thompson,
had lawfully been married to June
Thompson at the time of her death.

The two causes of action consolidated
for trial in the probate court raised ques-
tions concerning the extent of the de-
cedent's estate and the entitlement to cer-
tain assets that were alleged to be held by
either appellant or Charles Thompson. In
the first action, appellant, in her capacity
as administratrix, sought the return of
$1,900 in currency and various items of
personal property from Charles Thomp-
son, alleging that such items were lawful-
ly a part of the estate of June Hill Thomp-
son. Charles Thompson, in turn, filed a
claim against appellant seeking the return
of several pieces of jewelry that had
allegedly been obtained from him by
fraud. Appellee Citizen's State Bank was
joined as a party because it had been the
custodian of a safe deposit box from
which Charles Thompson had removed
some of the items of property sought by
appellant in her cause of action.

After a motion to dismiss the cause of
action advanced by Charles Thompson
was denied, both causes were tried
without the intervention of a jury before a
judge of the probate court. On the basis of
his evaluation of the evidence presented
at trial, the judge concluded that the ap-
pellant in her capacity as administratrix
was not entitled to any of the items
sought in her cause of action, but that
Charles Thompson was entitled to the
pieces of jewelry sought in his cause of ac-
tion because, the court found, they had
been obtained by fraud.

In the first of four assignments of er-
ror, appellant asserts that the court below

erred by refusing to dismiss Thompson's cause of action against her. Pursuit of the cause of action was barred, she reasons, under the statute of limitations requiring that all claims against an estate be presented within three months of the administrator's appointment. See R.C. 2117.06.

In our judgment, however, the court below was entitled to find that Thompson's claim was not governed by the special time limitation appearing in the probate chapter of the Revised Code. Giving the complaint a fair and reasonable construction, we are convinced that it stated a cause of action against the appellant individually by alleging that she had fraudulently concealed certain material facts from Thompson. Viewed in this light, the claim was not against the estate of June Hill Thompson and was thus subject to the general statute of limitations governing actions sounding in fraud.

R.C. 2305.09(C) states that a cause of action seeking "relief on the ground of fraud" must be brought within four years of the accrual of the cause. If the theory of recovery is fraud, the cause of action is deemed to accrue at the time the fraudulent act is discovered. *Id.*

In the instant cause, the allegation of fraud centered on the failure to disclose the fact that the decedent was lawfully married to another individual while maintaining her relationship with Charles Thompson. Thompson alleged in his complaint that he would not have given the jewelry held by the appellant to the decedent if he had been aware of the decedent's prior marital relationship.

To invoke the statute of limitations successfully in the court below, appellant was thus obliged to establish that Thompson commenced his cause of action more than four years after he discovered the decedent's pre-existing marriage. Our examination of the record, however, yields a construction of the relevant facts from which the probate judge was entitled to find that such discovery did not occur until the issue of the decedent's lawful heirs had been raised and determined in judicial proceedings, and that the proceedings determining heirship took place within four years of the filing of Thompson's complaint.[1] For this reason, we conclude that the appellant's first assignment of error is without merit.

In her second and third assignments, the appellant challenges the judgments entered in favor of Thompson in both causes of action litigated at trial on the ground that they were against the manifest weight of evidence and contrary to law. At the heart of her argument is the contention that there was a failure to demonstrate by clear and convincing evidence that the property sought in the lawsuits was obtained by fraud.

A reading of the trial transcript reveals that all the property in question was given to the decedent at times when Charles Thompson considered her to be his lawful wife. Although Thompson admitted upon cross-examination that the property was given out of love, there is other competent evidence upon which the trial judge was entitled to find that such "gifts," as appellant chooses to characterize them, would not have been made if Thompson had known that the

---

[1] There is no evidence in the record demonstrating that the existence of the decedent's marriage to Lawrence Lawson was brought to light at an earlier time. According to a "memorandum of facts and law" entered upon the record by the probate judge, appellant did not seek appointment as administratrix of the decedent's estate until May 17, 1975, and at that time she stated that

Charles Thompson was the decedent's husband. Absent any evidence to the contrary, we must conclude that the issue of the validity of the marriage between the decedent and Charles Thompson was first raised at a time after May 17, 1975, that was clearly within four years of the filing of Thompson's cause of action.

decedent was married to another man. In short, it is our view that the evidence was sufficient to sustain the claims of fraud and to warrant the court's findings in favor of Thompson in both causes of action. The second and third assignments of error are accordingly without merit.

In her remaining assignment of error, appellant contends that the judgment of the trial court in favor of appellee Citizen's State Bank was against the manifest weight of the evidence and contrary to law. She argues that the bank should have been held liable in conversion because it permitted the contents of a safe deposit box held in the decedent's name to be released to Charles Thompson after the decedent's death was made known to it.

This assignment of error is without merit for two reasons. First, the record discloses that the bank fully complied with its statutory duties under R.C. 5731.39(F) when it released the contents of the box to Thompson. In addition, even if the bank had violated a duty recognized in the law of this state, appellant would not have been entitled to a judgment against it in light of the trial court's finding that the contents of the box properly belonged to Charles Thompson.

We affirm the judgments of the Court of Common Pleas of Hamilton County.

*Judgments affirmed.*

SHANNON, P.J., PALMER and KLUSMEIER, JJ., concur.